AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District **Massachusetts** | | |
|---|---|---|---|
| Name **Alfred Jenks** | Prisoner No. **W60194** | | Case No. |
| Place of Confinement **MCI Norfolk, 2 Clark St., P.O. Box 43, Norfolk, Ma 02056-0043** | **05-10378 RGS** | | |
| Name of Petitioner (include name under which convicted) **Alfred Jenks** | Name of Respondent (authorized person having custody of petitioner) v. **Luis Spencer, Superintendent and Thomas F. Reilly** | | |
| The Attorney General of the State of: **Massachusetts** | | | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack **Newberyport Superior Court, Newburyport, Massachusetts**

2. Date of judgment of conviction **March 4, 1996**

3. Length of sentence **Life without parole**

4. Nature of offense involved (all counts) **Murder in the first degree (one count)**

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

RECEIPT # _____
AMOUNT $ **$5.00**
SUMMONS ISSUED **N/A**
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. **MP**
DATE **2/26/05**

*MAGISTRATE JUDGE JLA*

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __Newberyport, Superior Court__

   (b) Result __Denied without a hearing.__

   (c) Date of result and citation, if known __June 9th, 1997__

   (d) Grounds raised __Grand Jury indictment had been procured through intentional misstatements by a police witness, and improper mention of petitioner's record of prior arrest's, ineffective counsel.__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

     (1) Name of court __Supreme Judicial Court__

     (2) Result __Denied__

     (3) Date of result and citation, if known __February 3, 1998__

     (4) Grounds raised __Erroneous second and third prong malice instructions, not requesting involuntary manslaughter instructions, consolidated with grounds raised, same as 9(d)__

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

     (1) Name of court __NONE__

     (2) Result __NONE__

     (3) Date of result and citation, if known __NONE__

     (4) Grounds raised __NONE__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __Newberyport, Superior Court__

     (2) Nature of proceeding __Second Motion for New Trial__

     (3) Grounds raised __Erroneous Manslaughter instruction's that shifted the burden of proof on manslaughter,__

(3)

AO 241 (Rev. 5/85)

<u>to the petitioner, Prosecutorial Misconduct Vouching for the credibility of all the commonwealth's witness, presented evidence of the witnesses' prior inconsistent and argued the truth of the prior inconsistent statement as true to the jury, Ineffective assistance of appellate counsel and trial counsel.</u>

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result __Denied__

(6) Date of result __March 30th 2004__

(b) As to any second petition, application or motion give the same information:

(1) Name of court __Supreme Judicial Court__

(2) Nature of proceeding __Motion filed to the "Single Justice"__

(3) Grounds raised __Same as 11 (3)__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

(5) Result __Denied__

(6) Date of result __September 14, 2004__

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.   Yes ☒   No ☐
(2) Second petition, etc.  Yes ☒   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   C<small>AUTION</small>: <u>In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __PLEASE SEE ATTACHMENT STATING GROUNDS AND FACTS__

Supporting FACTS (state *briefly* without citing cases or law) _____

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

(5)

A. Ground One: Erroneous Manslaughter instruction's that shifted the burden of proof on manslaughter to the petitioner in violation of the Fifth and Fourteenth Amendment right's to due process.

1. The Court instructed the jury with erroneous <u>Voluntary Manslaughter</u> instruction, that shifted the burden of proof on Manslaughter to the petitioner in violation of the Fifth and Fourteenth Amendment right's to due process.

2. The Court instructed the jury with erroneous <u>excessive Force Manslaughter</u> instruction. That shifted the burden of proof on mitigation to the petitioner in violation of the Fifth and Fourteenth Amendment rights to due process. The Court did not allocate the burden of proof pertaining to <u>excessive force</u> manslaughter, depriving the petitioner his Fifth and Fourteenth Amendment right's to due process.

Facts. The Commonwealth's theory of the case was that the petitioner fired five shot's randomly into the ceiling as he lay on the floor surrounded by adversaries, and rose to fire, only seconds later, two more bullets. It was the commonwealth's contention that the time span between the last two shot's 2.5 seconds. That the petitioner formed the intent kill, Leth Delva. One of these bullets passed through the wall and struck the victim. While the defense contended it was possible that one or more of the shots was fired from another gun, one central issue at trial, as characterized by Judge Welch in his ruling on the petitioner's original post-trial pro se motion, was that "The defendant's <u>primary</u> defense (the assertion of self defense) was ably presented to the jury and <u>well-supported</u> by <u>witnesses</u>." Inherent in the claim of self-defense was a claim of mitigation by provocation; there was ample evidence the petitioner was the victim of a physical attack.

B. Ground Two: Prosecutorial Misconduct, Vouching for the credibility of all the commonwealth's witness's and implying out of Court knowledge to the veracity of a defense witness. Violating the petitioner's Fourteenth Amendment due process right's.

Facts. Credibility was a prominent feature at trial. Where both sides presented divergent theory's to the event's that took place inside the dance hall. All of the commonwealth's witness's from the scene of the crime were either related by blood or connected to one another by romantic relationship, among those who testified for the commonwealth. Was one of the victims sibling's. The father of her child was implicated in the altercation that occurred on the dance floor in conjunction with several other's with whom are all connected to her and the victim. This crucial fact was was brought out during the course of the trial.

C. Ground Three: The petitioner was deprived effective assistance of counsel, under the U.S. Constitution Sixth Amendment

1. Appellate counsel, failure to raise these meritorious claims in the petitioner's direct appeal deprived the petitioner of his Sixth Amendment right to counsel.

2. The petitioner was deprived effective assistance of trial Counsel, in violation of his Sixth Amendment right.

END page-5- 2of2

AO 241 (Rev. 5/85)

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

D. Ground four _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

   ALL WHERE PRESENTED IN THE STATE COURT.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing   Benjamin D. Entine Esq, 23 Central Ave. Mezzaine Suite. Lynn, Ma 01901

   (b) At arraignment and plea   Same as 15 (a)

(6)

AO 241 (Rev. 5/85)

(c) At trial  Same as 15 (a)

(d) At sentencing  Same as 15 (a)

(e) On appeal  Charles Stephenson, Esq., 15 Lynn Drive, Granby, Ma. 01033

(f) In any post-conviction proceeding  1st motion for new trial: Pro Se, 2nd motion for new trial: Ruth Greenberg Esq, 505 Paradise Road #166 Swampscott, MA 01907.

(g) On appeal from any adverse ruling in a post-conviction proceeding  1st motion for new trial Charles Stephenson; 2nd motion for new trial Ruth Greenberg.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

NONE, PRO SE
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

2-16-05
(date)

*[signature]*
Signature of Petitioner

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

ATTACHMENT #2

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Alfred Jenks

### DEFENDANTS

2005 FEB 25 P 3:07

Luis Spencer, Superintendent
and Thomas F. Reilly

05 10378 RGS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

NONE

ATTORNEYS (IF KNOWN)

Office of the Attorney General
One Ashburton Place Boston, Ma
02108-1698          (617) 727-2200

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | **FEDERAL TAX SUITS** | |
| | | ☐ 555 Prison Condition | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS – Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 2254

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  2-16-05

SIGNATURE OF ATTORNEY OF RECORD

Alfred Jenks

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____