UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALFRED JENKS,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>LUIS SPENCER and  )<br>THOMAS F. REILLY,  )<br>)<br>Respondents.  )<br>) | Civil Action No. 05-10378-RGS |

### RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PETITION

The Respondents, Luis Spencer and Thomas F. Reilly (the "Respondents"), hereby submit this Memorandum of Law in support of their Motion to Dismiss Petition (the "Motion").[1] The Habeas Corpus Petition (the "Petition") filed by Petitioner Alfred Jenks (the "Petitioner") is improper, because it does not comply with the timing requirements applicable to such petitions and it inappropriately names Massachusetts Attorney General Thomas F. Reilly (the "Attorney General") as a respondent.[2]

---

[1] Filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted state remedies, pursuant to this Court's Order of March 22, 2005. The offering of such documents should not be construed as implying that the Respondent considers the Petitioner to have fully complied with the statutory exhaustion requirement.

[2] Since the Petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

## BACKGROUND

The Petitioner is currently an inmate at the Massachusetts Correctional Institution at Norfolk ("MCI-Norfolk"). (Petition.) On April 27, 1994, he was indicted on charges of murder, in violation of M.G.L. c. 265, § 1, and carrying a firearm without a license, in violation of M.G.L. c. 269, § 10(a). (First Superior Court Docket No. 94-1028, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit A; Second Superior Court Docket No. 94-1028, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit B; Superior Court Docket No. 94-1029, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit C.) The charges arose from his fatal shooting of a young woman in the head in the course of firing seven shots from a nine millimeter pistol in a crowded dance hall. Commonwealth v. Jenks, 426 Mass. 582, 583-86, 689 N.E.2d 820, 821-23 (1998), a true and accurate copy of which is attached to the accompanying Appendix as Exhibit N. He pled not guilty to both charges, and was tried before the Honorable Richard J. Welch, III, and a jury in the Newburyport, Massachusetts, Superior Court (the "Superior Court") beginning on February 26, 1996. (First Superior Court Docket No. 94-1028.) On February 29, 1996, the Superior Court denied a Motion for Required Finding of Not Guilty brought by the Petitioner. (Id.; Superior Court Docket No. 94-1029.) The next day, the Superior Court filed and reserved a second Motion for Required Finding of Not Guilty made by the Petitioner. (First Superior Court Docket No. 94-1028; Superior Court Docket No. 94-1029.) On March 4, 1996, the Petitioner was found guilty of murder in the first degree by deliberate premeditation and guilty on the firearm possession charge. (First Superior Court Docket No. 94-1028; Second Superior Court Docket No. 94-1028; Superior Court Docket No. 94-1029.) Jenks, 426 Mass. at 582, 689 N.E.2d at 821. On that day, he was sentenced to serve a term of life imprisonment on the murder

conviction, and a concurrent term of between four and five years on the firearm possession conviction. (First Superior Court Docket No. 94-1028; Superior Court Docket No. 94-1029.) He was also given credit for 662 days of time served, and was assessed a $50.00 victim/witness fee. (First Superior Court Docket No. 94-1028; Superior Court Docket No. 94-1029.)

The Petitioner filed a Notice of Appeal on March 13, 1996. (First Superior Court Docket No. 94-1028; Superior Court Docket No. 94-1029.) He also filed an appeal of the sentence in connection with his firearm possession conviction to the Superior Court's Appellate Division on March 21, 1996, but withdrew that appeal on September 9, 1996. (Superior Court Docket No. 94-1029.) Additionally, the Petitioner filed a Motion for New Trial Pursuant to Post Conviction Relief Rule 30(b) on April 16, 1997, which motion was denied on or about June 9, 1997. (Id.; First Superior Court Docket No. 94-1028.) He then filed a Motion for Post Conviction Relief Pursuant to Mass. R. Crim. P. Rule 30(a) for the Correction of Mittimus on July 1, 1997, but withdrew that motion on September 24 of that year. (First Superior Court Docket No. 94-1028; Superior Court Docket No. 94-1029; Motion to Withdraw 30(a) Motion, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit F.)

His direct appeal from his conviction was entered on the docket of the Massachusetts Supreme Judicial Court (the "SJC") on July 9, 1997. (SJC Docket No. SJC-07512, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit D.) The SJC consolidated that appeal with his appeal from the Superior Court's denial of his Motion for New Trial,[3] and it affirmed both in a decision dated February 3, 1998. Jenks, 426 Mass. at 582-88, 689 N.E.2d at 821-24.

---

[3] As the SJC noted, "it is unclear whether a notice of appeal [from the denial of the new trial motion] was ever filed," but the Petitioner "did timely file a motion for permission to file his

3

The Petitioner did not take any further steps to challenge his 1996 conviction or resulting confinement until March 17, 2004.  (First Superior Court Docket No. 94-1028; Second Superior Court Docket No. 94-1028; Superior Court Docket No. 94-1029.)  On that date, the Petitioner filed a second Motion for New Trial in the Superior Court.  (Second Superior Court Docket No. 94-1028.)  His motion was denied on March 30, 2004, and he filed a Notice of Appeal of that decision on April 15, 2004.  (Id.)  On May 5, 2004, his appeal was entered on the docket of the SJC's Single Justice Session, and he filed an Application for Leave to Appeal Denial of New Trial Motion.  His application was denied on September 13, 2004 by the Honorable Judith A. Cowin.  (SJC Docket No. SJ-2004-0197, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit E.)  Commonwealth v. Jenks, a true and accurate copy of which is attached to the accompanying Appendix as Exhibit M.

The Petition was filed in the United States District Court on February 25, 2005.

## ARGUMENT

**I.      The Petition is time-barred.**

The Petition must be dismissed because it was not filed within the limitations period applicable to habeas corpus petitions challenging state convictions.  Title 28, Section 2244 of the United States Code provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

notice of appeal late," which was assented to by the Commonwealth.  Jenks, 426 Mass. at 586 n.4.

4

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

  The Petitioner here clearly did not satisfy this statutory requirement. The SJC affirmed his conviction and the denial of his first Motion for New Trial on February 3, 1998. (SJC Docket No. SJC-07512.) Jenks, 426 Mass. at 582-88, 689 N.E.2d at 821-24. At that point, the judgment against the Petitioner became final for purposes of § 2244(d). 28 U.S.C. § 2244(d)(1)(a). Accordingly, the one-year period of limitation for the filing of his Petition commenced on May 4, 1998, upon the expiration of the ninety days afforded to him for seeking certiorari with the United States Supreme Court. See David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003) (indicating that, where petitioner's conviction has been affirmed on direct appeal, period of limitation would begin upon expiration of ninety days afforded for seeking certiorari with United States Supreme Court); cf. Clay v. United States, 537 U.S. 522, 527-32 & n.3 (2003) (holding that "[f]or the purposes of starting the clock on [28 U.S.C. § 2255's] one-year limitation period . . . a judgment

of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction," and observing that "[t]he Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by [the United States Supreme Court]"). It thus ended on May 4, 1999, a date more than five years before the Petition was filed.

      The fact that the Petitioner sought collateral review by way of a second Motion for New Trial years after this deadline does not impact this analysis. The tolling provisions contained in 28 U.S.C. § 2244(d)(2) do not provide for an expired limitation period to be restarted and then tolled. See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (concluding that AEDPA's limitations period was not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (stating that state-court motion filed after AEDPA's limitation period expired did not "revive" statute of limitations). Thus, the Petitioner's filing of his Petition on February 25, 2005 remains well beyond any deadline afforded to him.

      In light of the Petitioner's lack of timeliness, dismissal of the Petition at issue is warranted. See, e.g., Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003) (affirming dismissal of petition that was not timely filed).

**II.     The Attorney General is not a proper respondent to this action.**

Even if this action were not time-barred, it could not be maintained against the Attorney General, because he is not the Petitioner's current custodian.  Title 28, Section 2243 provides that a writ of habeas corpus or order to show cause "shall be directed to the person having custody of the person detained."  28 U.S.C. § 2243.  Thus, a habeas corpus action may only be maintained against the individual who is the petitioner's immediate custodian, that is, the "superintendent of the facility in which he is being held" who "has day-to-day control over the petitioner and is able to produce the latter before the habeas court."  Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000) (concluding that Attorney General of the United States was improper respondent in habeas corpus action by petitioner confined to federal detention center).

Consistent with this authority, Rule 2 of the Rules Governing Section 2254 Cases (the "Habeas Corpus Rules") provides that, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  Habeas Corpus Rule 2(a).  A petitioner should only name both his custodian and the attorney general of the state in which judgment was entered where he "is not yet in custody – but may be subject to future custody – under the state-court judgment being contested."  Habeas Corpus Rule 2(b).  The Petitioner here is presently in state custody serving a life sentence.  (Petition; First Superior Court Docket No. 94-1028.)  Accordingly, the Attorney General should not have been named as a respondent and should not be forced to defend against this action.  See Vasquez, 233 F.3d at 691; Habeas Corpus Rule 2.

**CONCLUSION**

For the foregoing reasons, the Motion should be allowed, and the Petition should be dismissed with prejudice in its entirety.

        Respectfully submitted,

        THOMAS F. REILLY
        Attorney General


        /s/ Randall E. Ravitz
        Randall E. Ravitz (BBO # 643381)
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts  02108
        (617) 727-2200, ext. 2852

Dated:  May 20, 2005


## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served on May 20, 2005, by first-class mail, postage prepaid, upon:

Alfred Jenks
W60194
MCI Norfolk
2 Clark Street
P.O. Box 43
Norfolk, MA 02056-0043

pro se


        /s/ Randall E. Ravitz
        Randall E. Ravitz