UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALFRED JENKS

    Petitioner,

v.

LUIS SPENCER and
THOMAS F. REILLY,

    Respondents.

Civil Action No.05-10378-RGS

## PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES the petitioner in the above-entitled matter, and he does hereby respectfully offer his opposition to the respondent's motion to dismiss petition for Writ of Habeas Corpus. In support hereof, the petitioner submits the following.

### PRIOR PROCEEDINGS

The petitioner adopts here the prior proceedings of the present case as outlined in the respondent's memorandum of law in support of their motion to dismiss at pages one through five, and he incorporates the same herein by reference.

I. <u>PETITIONER'S HABEAS CORPUS PETITION SHOULD NOT BE DISMISSED AS TIME BARRED BY THE STATUE OF LIMITATIONS AS THE DOCTRINE OF EQUITABLE TOLLING APPLIES IN THIS CASE</u>

a. <u>Section 2244 (a) (1) (a)</u>
   <u>Section 2244 (d) (1) (D)</u>

Title 28, Section 2244 of the United States Code provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The SJC affirmed the petitioner's conviction and denial of his first Motion for New Trial on February 3,1998. (SJC Docket No.SJC-07512.) <u>Jenks</u>,426 Mass.at 582-88,689 N.E.2d at 821-24. At that point, the judgment against the Petitioner became final pursuant to "direct review".

However the petitioner's claims before this Court are not the claims that appellate counsel raised on his "direct review".

This is precisely the question before this Court, that the petitioner never received a constitutionally just "direct review", predicated on the foundation that he was deprived adequate representation, as is guaranteed to him under the United States Constitution, See, <u>Evitts v. Lucy</u>, 469 U.S. 387 (1985).

The petitioner's conviction thus became final at the conclusion of the time he was "seeking such review", the claims before this Court were denied, on September 13, 2004. The petitioner is well within the statue of limitations as provided by:

Section, 28 U.S.C. §2244 (d)(1)(a).

> (A)the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;.

II. <u>THE ATTORNEY GENERAL IS NOT A PROPER RESPONDENT TO THIS ACTION</u>

In regards to this claim from the respondent's attorney. The petitioner concedes that the Attorney General "Thomas F. Reilly" should not have been named as a respondent. The petitioner's

application is distinguishable from <u>Vasquez v. Reno</u>, 233 F.3d 688,691 (1st Cir.2000) Where, quoting "Because the petitioner did not direct his habeas petition to the person having custody of the person detained".

Where as, here the petitioner named as a respondent the Superintendent of the prison, "who has custody over the petitioner on a day to day basis".

It was a mistake on the behalf of the petitioner to include the Attorney General "Thomas F. Reilly" as a respondent.

The petitioner does not seek relief from his lack of skill in this area, he can only pray for understanding as a pro-se litigant.

The petitioner respectfully request that if it is within the Court's power to expunge the Attorney General "Thomas F. Reilly" from the record as a respondent.

III. <u>Pursuant to 28 U.S.C. § 2244 (d)(1)(D)</u>

Which states in pertinent part that:

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The petitioner has not been "[sitting] on his hands for a great many years," like <u>Lattimore</u>, 311 F.3d at 55, Where "he waited over a decade after his direct appeals were complete before pursuing habeas relief...". After the petitioner's constitutional

rights were violated in depriving him of his "direct appeal" via ineffective assistance of appellate counsel. The petitioner understanding the finality of "life with out parole", took it upon himself to become conversant with the area's of law as it applied to him to fully comprehend the legal options that the petitioner had at his disposal. In light of this revelation the petitioner elected to take a pragmatic approach and hire experienced appellate counsel to represent him. The petitioner understands that this information has no legal standpoint, However he felt it necessary to elucidate the time gap.

## CONCLUSION

Based on the arguments herein, and the reasons stated, the petitioner respectfully requests that the Honorable Court DENY the Respondent's Motion To Dismiss, and ALLOW the petitioner's case to take its course and be judged on the merits.

Respectfully submitted
by the Petitioner,

Alfred L. Jenks
P.O. Box 43
Norfolk, MA 02056

Dated: May 26, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALFRED JENKS,

    Petitioner,

v.

LUIS SPENCER and
THOMAS F. REILLY,

    Respondents.

Civil Action No. 05-10378-RGS

CERTIFICATE OF SERVICE

I, Alfred L. Jenks, petitioner certifies that he has served upon the Respondent's attorney, Randall E. Ravitz, Assistant Attorney General, One Ashburton Place, Boston, Massachusetts 02108, one true and accurate copy of the Petitioner's Opposition to Respondent's Motion To Dismiss Petition For Writ Of Habeas Corpus. On this 26 day of May, 2005, by first class mail, postage prepaid.

    Respectfully submitted
    by the Petitioner,

    Alfred L. Jenks, pro-se
    P.O. Box 43
    Norfolk, MA 02056