UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2005-CV10378-RGS

ALFRED JENKS,
Petitioner

V.

LUIS SPENCER,
Respondent

**REPORT AND RECOMMENDATION ON**

**THE PETITION FOR A WRIT OF HABEAS CORPUS
(DOCKET # 1)**

ALEXANDER, M.J.

On March 4, 1996, the petitioner, Alfred Jenks, was convicted of murder in the first degree and of carrying a firearm without a license. He was sentenced to life imprisonment for the murder charge and a four to five year concurrent term for the weapons charge. On February 25, 2005, the petitioner filed a writ of habeas corpus in the United States District Court pursuant to 28 U.S.C. § 2254(b)(1).

The petitioner, acting *pro se*, makes three claims in his petition: (1) an erroneous manslaughter instruction violated his right to due process; (2) prosecutorial misconduct; and (3) ineffective assistance of counsel. On May 20,

2005, the respondent, Luis Spencer, moved to dismiss the petition on the basis that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1). The matter was referred to this Court for a Report and Recommendation. The Court has carefully considered the papers presented, and, for the reasons set forth more fully below, the Court RECOMMENDS that the District Court ALLOW the respondent's motion to dismiss.

**Procedural History**

On April 27, 1994, Mr. Jenks was indicted on charges of murder and carrying a firearm without a license, stemming from the death of a young woman shot in the head at a privately organized dance. <u>Commonwealth v. Jenks</u>, 426 Mass. 582, 583-84, 689 N.E.2d 820, 821-22 (1998). An Essex County Superior Court jury found Mr. Jenks guilty of both charges. He was sentenced to life imprisonment for the murder charge and a four to five year concurrent term for the weapons charge.

Mr. Jenks filed a Notice of Appeal on March 13, 1996. He also filed a *pro se* Motion for a New Trial Pursuant to Post-Conviction Relief Rule 30(b) ("Motion for New Trial") on April 16, 1997, which was denied on June 9, 1997. Shortly thereafter, on July 9, 1997, Mr. Jenks's direct appeal was docketed in the Massachusetts Supreme Judicial Court (the "SJC") and the appeal was

consolidated with his appeal from the Superior Court's denial of the Motion for New Trial. On February 3, 1998, the SJC affirmed both decisions. <u>Jenks</u>, 426 Mass. at 587-88, 689 N.E.2d at 824.

Mr. Jenks did not petition the state court again until March 17, 2004, when he filed another Motion for New Trial in Superior Court. The motion was denied on March 30, 2004. Mr. Jenks's appeal of the denial was entered on to the SJC docket on May 5, 2004, and his Application for Leave to Appeal Denial of New Trial Motion was ultimately denied on September 13, 2004. Mr. Jenks thereafter filed his habeas petition, on February 25, 2005.

**Analysis**

A federal court's review of a petition for habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2241 <u>et seq</u>. Before a federal court may entertain a petition for habeas corpus, however, the court must ascertain whether the claims raised are barred by the statute of limitations promulgated by 28 U.S.C. § 2244(d)(1). A petition for a writ of habeas corpus must be filed in a timely fashion: "'A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.'" <u>Killea v. Hall</u>, 84 F. Supp. 2d 204, 210 (D. Mass. 2000) (citing 28 U.S.C. § 2244(d)(1)).

Generally, the limitations period begins to run from the date on which "'the judgment becomes final by the conclusion of direct review or the expiration of time for such review.'" Proulx v. Pepe, No. 95-40182, 2000 WL 1448600, at *2 (D. Mass. Sept. 25, 2000 ) (citing 28 U.S.C. § 2244(d)(1)(A)).  A final judgment is one which ends the litigation "on the merits" and leaves nothing for the court to do but execute the judgment.  Caitlin v. United States, 324 U.S. 229, 233 (1945) (citing St. Louis, I.M. & S.R.R v. Southern Express Co., 108 U.S. 24, 28 (1883)).  A judgment usually does not become "final" until the completion of appellate review or the expiration of time for seeking such review.  Currie v. Matesanz, 281 F.3d 261, 266 (1st Cir. 2002).

Certain events, when initiated during the AEDPA one-year limitations period that begins to run after final judgment, can toll the limitations period.  See, e.g., Neverson v. Bissonnette, 261 F. 3d 120, 125 (1st Cir. 2001) (filing motion for new trial during one-year limitations period tolls limitations period until final judgment on motion).  Additionally, the statute itself excludes from the one-year period any time during which a petitioner is seeking state collateral review:

> The time period during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

4

28 U.S.C. § 2244(d)(2).  See also Mayne v. Hall, 122 F. Supp. 2d 86, 91 (D. Mass. 2000) (§ 2244(d)(2) tolls period during which petitioner is attempting to exhaust state court remedies).

The respondent contends that the judgment against the petitioner became final for purposes of the AEDPA on May 4, 1998.[1]  Mr. Jenks, on the other hand, asserts that the one year period did not begin to run until September 13, 2004, the date that his Leave to Appeal Denial of New Trial Motion was denied by the SJC. He avers that he raised new issues in the 2004 appeal that had not previously been raised, and that judgment did not therefore become final for purposes of the AEDPA until the SJC denied the 2004 appeal.  By the petitioner's reasoning, his petition, filed on February 25, 2005, was filed within the one year period.

The respondent has set forth the proper interpretation of the applicable law. That Mr. Jenks sought review in 2004, six years after the SJC affirmed his conviction, and the denial of his motion for a new trial does not re-start the AEDPA's one year limitation period.  See Dunker v. Bissonnette, 154 F. Supp. 2d

---

[1] The SJC affirmed the petitioner's conviction and denial of his request for a new trial on February 3, 1998.  The AEDPA one year limitation period did not commence, however, until the expiration of the ninety days in which the petitioner could have filed a petition for certiorari with the United States Supreme Court.  See David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003) (ninety days for seeking certiorari are excluded from AEDPA one year period).

95, 103 (D. Mass. 2001). The language of 28 U.S.C. § 2244(d)(2) that allows the one year period to be tolled during the pendency of a state collateral motion

> focuses on the counting of the time period as opposed to the resurrection of an expired limitations period. Consequently, the tolling provision does not give [a] petitioner the ability to revive an expired grace period by the simple expedient of filing a [subsequent] motion for a new trial. Such an ability would eviscerate the one year grace period.

Id. Mr. Jenks initiated no proceedings between May 4, 1998, and May 4, 1999, and no event, therefore, tolled the running of the one-year limitations period.[2] By the time the petitioner filed his second motion for a new trial, the time during which he could have filed his habeas petition had long since expired.

**Conclusion**

For these reasons, this Court RECOMMENDS that the District Court DISMISS the petition.

SO ORDERED.

 12/21/05                                         /S/ Joyce London Alexander
Date                                              United States Magistrate Judge

---

[2]Furthermore, nothing in the record indicates that any of the provisions of 28 U.S.C. § 2244(d)(1) other than (A) might provide a point from which to measure the one-year limitation period.

## NOTICE TO THE PARTIES

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to this proposed Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of the Report and Recommendations. The written objections must specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Svcs., 848 F.2d 271, 273 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 687 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 155 (1985), *reh'g denied*, 474 U.S. 1111 (1986).