```
_____
                              )
                              )
ALFRED JENKS                  )
                              )
   Petitioner,                )
                              )
v.                            )  CIVIL ACTION NO. 05-10378-RGS
                              )
LUIS SPENCER,                 )
                              )
   Respondent,                )
                              )
_____)
```

### PETITIONER'S OBJECTIONS TO MAGISTRATE REPORTS AND RECOMMENDATION

Petitioner Alfred Jenks hereby submits pursuant to Fed. R.CIV.R.72.b. The following objections to the Dec,21 2005 Report and Recommendation of Magistrate Joyce London Alexander.

1. Petitioner objects to the Magistrate failure to address his motion to "stay the proceedings". Filed via certified mail on Dec, 15 2005.

The basis of the motion to "stay" centers on the petitioners claim that he was deprived his inalienable right under the United States Constitution to effective assistance of trial counsel. Trial counsel with held exculpatory documents that would support the petitioners claim of "factual innocence".

The private investigator was hired by the petitioners trial lawyer on or about, 6-28-94. See motion to "stay the proceedings" Exhibit (lA).

Based on personal knowledge, trial counsel never called the investigator to the stand nor did he utilize the reports or the information ascertained by the investigator to present to the court for the jury's consideration. That would have supported the petitioners claim of "factual innocence".

The petitioner would supplicate for an opportunity to go back to the State Judicial system to present his claim of ineffective assistance of trial counsel.

2. Petitioner objects to time bar. It is not the petitioners reasoning to attempt to suggest that the filing of a new motion, for new trial would reactivate the one year grace period. The petitioner is not attempting to circumvent the rules of court with a tenuous pretext. It is the petitioners position that his conviction never became final because he was deprived a just direct appeal by his appellate lawyer. Depriving him of his due process rights under the Sixth and Fourteenth Amendments. See, Evitts v. Lucy, 469 U.S. 387 (1985). Quoting, "Had appellate counsel failed to raise a significant and obvious issue, the failure could be viewed as deficient performance." For the petitioner to prevail in this argument the issue's presented would require reversal of the conviction. It is the petitioners contention that his state conviction

became final pursuant to Title 28, Section 2244 of the United States Code, 2244 (1) (A),. That the petitioner was seeking such review in the S.J.C.,

The petitioner prays in the interest of Liberty and Justice, that this Honorable Court will allow him to argue his contentions.

Respectfully Submitted,

ALFRED JENKS, pro se,
P.O. Box 43
Norfolk Ma, 02056

*Alfred Jenks*
12/27/05