```
ALFRED JENKS          )
    Petitioner,       )        IN CLERKS OFFICE
                      )
       v.             )        2006 MAR -9 P 3: 26
                      )
LUIS SPENCER          )        CIVIL ACTION No. 05-10378-RGS
                      )
    Respondent,       )
                      )
```

## MOTION FOR RECONSIDERATION

Now, comes the petitioner in the above entitled matter whereby he supplicates to this Honorable Court to reconsider his motion to "stay the proceedings" for the following reason's.

Through due diligence the petitioner has uncovered and retrieved exculpatory documents that trial counsel had in his possession before the commencement of the petitioner's trial. That demonstrates the petitioner's claim of "**factual innocence**". This evidence challenges the "**sufficiency of evidence of guilt**"

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Cover v. Walmart Stores, Inc, 148 F.R.D. 294,294, C.M.D. Fla 1993.

As such, a motion to reconsider should raise new issues, not merely readdress issues previously litigated. Courts have recognized three (3) grounds justifying reconsideration; (1) An intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. See, Chip v. Liberty National, 65, F.Supp. 2nd 1324. 2001.

The court did not rule on the petitioners motion to "stay the proceedings" on the merits, already ruling that the petitioner was procedurally barred pursuant to 28 § 2244 (d) (1) (a). Therefore denied the motion to stay as "futile".

Under Title 28, Section 2244 (d) (1) (D), of the United States Code provides as follows:

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

As soon as the petitioner uncovered the exculpatory documents he immediately filed for a motion to "stay the proceedings" so that he may present his claim to the State Court as is required of him under 28 § 2254 (3)(c) which states:

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The petitioners claim of ineffective of assistance of counsel as outlined in his motion to stay is not circumscribed by

the strict one year limitation period, as it is new evidence and not has been exhausted in the State Courts. In the event after presenting these documents to the State Court. If the petitioner would have to return to the Federal Court. He is seeking to avoid filing aof a second successive Hebeas petition. If the petitioner is indeed "time barred" pertaining to his primary grounds filed. The petitioner supplicates to this Court for a reconsideration of his motion to stay as it is predicated on the availability of new evidence, and is a clear showing of the petitioners "**factual innocence**".

For the reason stated in this motion the petitioner pray's that this court reconsider the petitioners motion to "stay the proceedings" in the interest of liberty and Justice and democracy.

Respectfully Submitted

ALFRED JENKS Pro-se,
P.O. BOX 43
NORFOLK MA, 02056

*Alfred Jenks*
3/7/06