```
┌─────────────────────────────┐
│                             )
│                             )
│                             )
│   ALFRED JENKS              )
│       Petitioner,           )
│                             )
│       V.                    )  CIVIL ACTION No. 05-10378-RGS
│                             )
│   LUIS SPENCER              )
│                             )
│       Respondent,           )
│                             )
│                             )
└─────────────────────────────┘
```

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

**Now,** comes the petitioner in the above entitled matter. Pursuant to rule 28 U.S.C. § 2253 (c) (2) and Local rule 22.1 (b). Whereby he respectfully supplicates to this Honorable Court for a Certificate of Appealability on all grounds raised in his habeas petition. The petitioner's habeas petition was dismissed based on procedural grounds. Pursuant to rule 28 U.S.C. § 2244 (d) (1).

The petitioner also seeks refuge in the holding of <u>Slack v. McDaniel</u>, 529 U.S. 473,483-484 (2000), which states as follows,

> "The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based upon procedural grounds We hold as follows: When the district court denies a habeas petition on procedural grounds. without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

## ISSUES ON WHICH CERTIFICATE IS SOUGHT

1) Erroneous manslaughter instruction violated his due process right.

2) Prosecutorial misconduct.

3) Ineffective assistance of counsel, Trial counsel and appellate counsel.

## ARGUMENT

### ISSUE ONE

#### THE PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED WHEN THE COURT GAVE BURDEN SHIFTING MANSLAUGHTER INSTRUCTION DEPRIVING THE PETITIONERS OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHTS.

The trial court agreed to instruct on voluntary manslaughter based on provocation and excessive force in self-defense as well as perfect self-defense, characterizing the case as one of voluntary manslaughter. Regrettably, the trial court's instruction on voluntary manslaughter repeatedly reversed the burden of proof on the issue without correction. The evidence entitled the petitioner to correct manslaughter instructions, the petitioner is clearly prejudiced by the absence of the instruction. It is unequivocal that the error's in the petitioner's jury instructions, unconstitutionally shift the burden of proof to the peititioner, as first mandate, by the U.S. Supreme Court

See, Mullaney v.Wilbur, 421 U.S. 184 (1975). In violation of the Fifth and Fourteenth Amendments to the United States Constitution, which protect the accused against conviction absent proof beyond a reasonable doubt of every element of the offense charged. In re Winship, 397 U.S. 358 (1970), Francis v. Franklin, 471, U.S. 307 (1985). Also Quoting Sandstrom v. Montana, 442 U.S. 510,514,(1979). "Burden shifting as to an element of a crime Violate's a defendant's due process right's under the Fourteenth Amendment to the United States Constitution". It is indisputable that the Court instructed the jury with erroneous Manslaughter instruction's that shifted the burden of proof on Manslaughter to the petitioner in violation of the Fifth and Fourteenth Amendment right's to due process. As conceded by the State Court's and the Commonwealth. Question presented- Is accused denied Due Process of Law when
    he is convicted for a crime under clear
    and convincing burden masquerading.
In violation of Constitutional Due Process and Equal Protection Clauses of the Fourteenth Amendment.

### ISSUE #2

<u>THE PETITIONER's CONSTITUTIONAL RIGHTS WEREVVIOLATED PERTAINING TO PROSECUTOIAL MISCONDUCT. VOUCHING FOR THE CREDIBILITY OF ALL THE COMMONWEALTH'S WITNESSES AND IMPLYING OUT OF COURT KNOWLEDGE TO THE VERACITY OF A DEFENSE WITNESS. DEPRIVING THE PETITIONER OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHTS.</u>

In the prosecutor's closing argument he stated the following to the jury:

> "What is the testimony in this case? The testimony of the witnesses is what I think is credible and believable."

Also implying out of court knowledge that the defendant's evidence was less than credible,(regarding defense witness Lori Galante). Stating,.

> "Now I don't Know whether she had an agenda or w whether she is just wrong but her testimony is just not credible."

The prosecutor's statements are contrary to the basic principles of reasonable doubt and the presumption of innocence, In re Winship, 397 U.S. 358 364 (1970), Coffin v. United States, 146 U.S. 432 (1895). The issue raised here goes to the very heart of the case and raises serious doubt the validity of the conviction. Credibility was a prominent feature at trial. Where both sides presented divergent theory's to the events that took place inside the dance hall. The prosecutor's comments were not limited to collateral issues but rather went to the heart of the case,ie., the credibility issue. A prosecutor may not place the prestige of the commonwealth behind a witness by making personal assurances about the witness's credibility; nor may the prosecutor indicate that facts outside the jury's cognizance support the testimony of the witness. Quoting, United States v. Neal, 36 F.3d 1190,1207 (1st cir. 1994).

Thus "improper suggestions, insinuations and especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none." <u>Berger v. United States</u>, 295 U.S.,at 88,55 S.Ct, at 633. This premeditated, interjection of the prosecutor's personal belief via "wholesale vouching" was designed to impact the jury in one way. To tip the trembling balance against the accused.

Question presented - Is accused denied Due Process of Law when he is convicted, if any jurist was swayed from the statement given to them from the prosecutor in his summation. In a homicide trial where credibility was a crucial factor.
In violation of Constitutional Due Process and Equal Protection Clauses of the Fourteenth Amendment.

### ISSUE # 3

<u>THE PETITIONER'S CONSTITUTIONAL RIGHTS
WERE VIOLATED PERTAINING TO HIS RIGHT
TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
AND APPELLATE COUNSEL. DEPRIVING THE
PETITIONER's OF HIS FIFTH,SIXTH AND
FOURTEENTH AMENDMENT RIGHT's.</u>

Trial counsels lack of attentiveness in allowing the jury to be instructed incorrectly on Manslaughter and mitigation, allowing the burden to be shifted to the petitioner to preprove crucial elements could have no strategicallfoundation or tactical. To allow the jury to be impacted from the commonwealth's improper vouching and interjecting his personal opinion could have no

strategical foundation or tactical. Quoting, <u>Strickland v.Washington,</u> 466 U.S. 668 (1984).

Question presented- Is accused denied Due Process of Law when he is convicted, with out proper representation.

In violation of Constitutional Due Process and Equal Protection Clauses of the Fourteenth Amendment.

The Fourteenth Amendment quarantees a criminal appellant pursuing a direct appeal as a matter of right certain minimal safeguards necessary to make the appeal "adequate and effective". <u>Evitts v.Lucy</u>, 105 S.Ct. 830,834 (1985). Appellate counsel, failure to raise the petitioner's constitutionally flawed jury instruction's and Prosecutorial misconduct via "whole sale vouching" deprived the petitioner of his direct appeal. And have very well sealed his fate to an unjust sentence.

Question presented- Is accused denied Due Process of Law when he convicted, and after his conviction does not receive adequte representation.

In violation of Constitutional Due Process and Equal Protection Clauses of the Fourteenth Amendment.

The petitioner presents the question that under 28 § U.S.C 2244 (d) (1) (A), Was he still seeking direct review in the State Court having been deprived effective assistance of appellate counsel. See, <u>Evitts v. Lucy,</u> 105 S.Ct. 830, 834, (1985).

For the reason's set forth the petitioner pray's that this honorable Court will grant his request for certificate of appealability on all grounds.

RESPECTFULLY SUBMITTED

ALFRED JENKS Pro-se
P.O. BOX 43
NORFOLK MA, 02056

*Alfred Jenks*
3/7/06